# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE HAMILTON, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Case No. CIV-17-850-F ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## ORDER

United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation on October 12, 2017, recommending that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) because the court lacks subject matter jurisdiction over plaintiff's claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1).  In addition, Magistrate Judge Jones recommended that to the extent plaintiff's complaint alleges a separate due process claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the claim be dismissed for failure to state a claim upon which relief may be granted.

Presently before the court is plaintiff's timely objection to the Report and Recommendation.  Plaintiff objects to Magistrate Judge Jones' construction of his complaint as seeking to have the Federal Bureau of Prisons (FBOP) pay him $778.65 in damages for the loss of plaintiff's property caused by United Parcel Service (UPS).  Plaintiff asserts that he is actually seeking to have the FBOP forward to him, or credit his commissary account with, the claim settlement paid by UPS to FBOP for the loss of plaintiff's property.  Plaintiff contends that Magistrate Judge Jones'

analysis of the exception to the FTCA's waiver of sovereign immunity, set forth in 28 U.S.C. § 2680(c), is irrelevant to his claim as properly construed. He additionally contends that the Supreme Court's decision in Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008), does not apply to his FTCA claim.

In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. The court agrees with Magistrate Judge Jones that plaintiff's complaint alleging a FTCA claim is subject to dismissal for lack of subject matter jurisdiction. Even if plaintiff's complaint can be liberally construed as seeking to have the FPOB forward to him the settlement purportedly paid by UPS or to have the settlement credited to his commissary account, the court concludes that the exception to the FTCA's waiver of sovereign immunity, § 2680(c), applies. The FTCA's waiver of sovereign immunity does not apply to "any claim arising in respect of . . . the detention of any goods, merchandise, or *other property* by . . . any other law enforcement officer." 28 U.S.C. § 2680(c) (emphasis added). Plaintiff's claim, as he articulates it, arises in respect of the FBOP's alleged unlawful detention of the settlement paid by UPS to FBOP for plaintiff's lost property. Because plaintiff's claim falls within the exception to the FTCA's waiver of sovereign immunity, the court lacks subject matter jurisdiction over plaintiff's claim. The court therefore accepts, adopts and affirms Magistrate Judge Jones' recommended ruling.

Plaintiff has not objected to Magistrate Judge Jones' Report and Recommendation insofar as it recommends that to the extent plaintiff alleges a separate due process claim under Bivens, it be dismissed for failure to state a claim upon which relief can be granted. As plaintiff has not objected to Magistrate Judge Jones' recommended ruling and has been advised that failure to timely object to the

recommended ruling waives the right to appellate review, the court accepts, adopts and affirms the recommended ruling.[1]

Accordingly, the Report and Recommendation of United States Magistrate Judge Bernard M. Jones issued on October 12, 2017 (doc. no. 11) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Plaintiff's complaint alleging a claim under the Federal Tort Claims Act is dismissed for lack of subject matter jurisdiction. To the extent plaintiff's complaint alleges a separate due process claim under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1941), the claim is dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED this 13th day of November, 2017.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0850p002.docx

---

[1] The court also notes that a <u>Bivens</u> claim cannot be asserted directly against the United States of America. <u>Smith v. U.S.</u>, 561 F.3d 1090, 1099 (10th Cir. 2009). Nor can it be asserted against a federal agency. *Id*.